# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONSTANTIN OCHESCU, et al.,<br><br>Defendants. | Case No. 2:15-cv-02424-APG-GWF<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(ECF No. 39) |

Plaintiff United States of America brought this action to reduce federal tax liabilities to judgment and to foreclose tax liens on real property. The motion before me involves a dispute in lien priority on the subject property between the United States and defendant Republic Services, Inc.

**I. BACKGROUND**

Defendant Constantin Ochescu owes over $600,000 in federal income taxes. ECF No. 1 at 3. Ochescu owned property located at 8064 Cetus Circle in Las Vegas. *Id.* He married defendant Liliana Cosma in 2006. *Id.* Property owners like Ochescu and Cosma are required by Clark County Municipal Code 9.04.240(a) to subscribe to Republic's trash collection service. Ochescu and Cosma did not pay their bills from Republic, resulting in Republic recording eighteen liens against the Cetus Circle property. Five of those liens were recorded with the Clark County Recorder before the first IRS tax lien was assessed in December 2005. Despite the unpaid bills, Republic is required to continue its trash collection service as a matter of public health and welfare.

On December 29, 2006, Ochescu conveyed his interest in the property to himself and Cosma as joint tenants. On April 6, 2007, the IRS recorded a notice of federal tax lien. On March 23, 2011, Ochescu and Cosma conveyed the property to Cosma as her sole and separate property. The IRS recorded additional notices of tax liens for different tax years on February 7,

2013 and May 29, 2015.  The IRS recorded a nominee notice of federal tax lien against Cosma on November 4, 2015.

The IRS then brought this lawsuit, seeking to reduce the tax assessments against Ochescu to judgment, to adjudicate Cosma as Ochescu's nominee or fraudulent transferee, and to foreclose its liens on the Cetus Circle property.  The IRS joined as defendants Ditech Financial, LLC and Republic because those entities may claim a right or interest in the property.

The United States now moves for partial summary judgment against Republic to determine the relative priority of Republic's liens on the property for unpaid trash collection bills.  The United States contends that as between the IRS liens and Republic's liens, the IRS liens have priority because they arose with the first assessment on December 26, 2005, and all of Republic's liens were either recorded later or were inchoate on that date.  The United States thus argues its liens are superior under federal law and that state law does not make Republic's liens superior, nor could it without violating the Supremacy Clause.  The United States also argues Republic's liens cannot remain on the property after the IRS conducts a foreclosure sale on its superior liens.  The United States thus seeks a ruling that its liens are superior to Republic's and that the property may be sold free and clear of Republic's liens.

Republic opposes, arguing that under Nevada law its liens are superior to Ditech's, and Ditech's lien is superior to the IRS's, so Republic's lien must be superior to the IRS's.  Republic contends that under Nevada Revised Statutes § 444.520, it has a perpetual superior lien that is not subordinated to federal tax liens.  Republic argues that allowing the property to remain subject to Republic's liens following the IRS's foreclosure sale does not run afoul of federal law or the Supremacy Clause.

**II.  ANALYSIS**

The relative priority of a federal lien for unpaid taxes is governed by federal law. *United States v. Equitable Life Assur. Soc. of U.S.*, 384 U.S. 323, 330 (1966).  Liens for unpaid federal taxes do not automatically take priority over other liens. *U.S. By & Through I.R.S. v. McDermott*,

507 U.S. 447, 449 (1993). Rather, where Congress has not specifically expressed its intention,[1] the relative priority of a federal tax lien as against a lien created under state law is determined by the "general rule that 'the first in time is the first in right.'" *In re Kimura*, 969 F.2d 806, 813 (9th Cir. 1992) (quoting *United States v. City of New Britain*, 347 U.S. 81, 85 (1954)). The priority of a lien created under state law "depends on the time it attached to the property in question and became choate." *United States v. Pioneer Am. Ins. Co.*, 374 U.S. 84, 88-89 (1963) (quotation omitted). A choate state law lien takes priority over a later-assessed federal tax lien, but an inchoate state law lien does not, even if it was recorded first. *Id.*

"A state-created lien is not choate until the 'identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 721 (1979) (quoting *New Britain*, 347 U.S. at 84); *Pioneer Am. Ins. Co.*, 374 U.S. at 89 ("The federal rule is that liens are perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." (quotation omitted)). "Failure to meet any one of these conditions forecloses priority over the federal lien, even if under state law the nonfederal lien was enforceable for all purposes when the federal lien arose." *Kimbell*, 440 U.S. at 721.

Whether a lien created under state law is sufficiently choate to take priority over a federal tax lien is a question of federal law. *United States v. Sec. Trust & Sav. Bank of San Diego*, 340 U.S. 47, 49-50 (1950) ("[A]lthough a state court's classification of a lien as specific and perfected is entitled to weight, it is subject to reexamination by this Court."). But "if the state court itself describes the lien as inchoate, this classification is practically conclusive." *Id.* at 49-50 (quotation omitted).

The identity of the lienor, the property subject to the lien, and the lien amount must be "definite, and not merely ascertainable in the future by taking further steps . . . ." *U.S. for Use & Benefit of Consol. Elec. Distrib., Inc. v. J.D. Grainger Co.*, 945 F.2d 259, 263 (9th Cir. 1991)

---

[1] Republic does not argue that its liens fall within any of the statutorily identified liens that would take priority over a federal tax lien. *See* 26 U.S.C. § 6323.

(quotation omitted). Thus, a general lien that is "effective to protect the lienor against others than the Government" does not take priority over a federal tax lien if it is "contingent[] on taking subsequent steps either for giving public notice of the lien or for enforcing it." *People of State of Ill. ex rel. Gordon v. Campbell*, 329 U.S. 362, 374-75 (1946). As a result, recording a lien may not be sufficient to defeat priority of a federal tax lien if the state law lien "does not have the required degree of specificity and perfection." *Id.* "It is not enough that the lienor has power to bring these elements, or any of them, down from broad generality to the earth of specific identity." *Id.* at 375.

For example, a state attachment lien is not sufficiently choate to take priority over a federal tax lien where the property subject to the lien is attached before the federal tax lien arises but final judgment on the attachment lien is not entered until after the federal tax is assessed. *See United States v. Acri*, 348 U.S. 211, 213-14 (1955); *Sec. Trust & Sav. Bank of San Diego*, 340 U.S. at 50; *United States v. Dishman Indep. Oil, Inc.*, 46 F.3d 523, 527 (6th Cir. 1995). Because the amount of the state law lien is not established until final judgment is entered, it is not sufficiently choate to take priority over the federal tax lien. *See Acri*, 348 U.S. at 214 ("We hold here that the attachment lien in Ohio is for federal tax purposes an inchoate lien because, at the time the attachment issued, the fact and the amount of the lien were contingent upon the outcome of the suit for damages.").

The test for choateness or perfection also requires that the creditor have the right to summarily enforce its lien. *See United States v. Vermont*, 377 U.S. 351, 359 (1964) (holding the state's assessment was choate where the "assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt" (quotation omitted)); *Sec. Tr. & Sav. Bank of San Diego*, 340 U.S. at 51 (stating it "has never been held sufficient to defeat the federal priority merely to show a lien effective to protect the lienor against others than the Government, but contingent upon taking subsequent

steps for enforcing it"); *id.* at 52, Jackson, J., concurring ("The history of this tax lien statute indicates that only a judgment creditor in the conventional sense is protected.").[2]

The amount of unpaid federal taxes constitutes a lien in the United States' favor on "all property and rights to property, whether real or personal, belonging to" the person who failed to pay. 26 U.S.C. § 6321. That lien arises "at the time the assessment is made . . . ." 26 U.S.C. § 6322. Here, the first IRS lien arose on December 26, 2005, when the first assessment was made. ECF No. 39-2 at 3. Additional liens arose on April 19, 2010, June 28, 2010, December 5, 2011, August 6, 2012, August 4, 2014, and on March 9, 2015. ECF Nos. 39-4; 39-5; 39-6; 39-10.

Republic has been providing services to the Cetus Circle property since July 1999. ECF No. 41 at 17. Ochescu and Cosma collectively owe $7,778.61 for unpaid bills relating to Republic's services. *Id.* Republic recorded its first notice of claim of lien in October 2000. *Id.* at 49. It thereafter recorded seventeen additional notices. *Id.* at 30-47. Each notice identifies Republic as the lienor, the Cetus Circle real estate as the property subject to the lien, and the amount of the lien. Five of the notices predate December 26, 2005. *Id.* at 40-44.

Republic's liens arise under Nevada state law. Pursuant to Nevada Revised Statutes § 444.520(3), until paid, charges for Republic's services constitute:

> a perpetual lien against the property served, superior to all liens, claims and titles other than liens for general taxes and special assessments. The lien is not extinguished by the sale of any property on account of nonpayment of any other lien, claim or title, except liens for general taxes and special assessments. The lien may be foreclosed in the same manner as provided for the foreclosure of mechanics' liens.

Foreclosure of a mechanic's lien entails commencement of a court action. Nev. Rev. Stat. § 108.239(1). Additionally, Republic must file a notice of a pendency of the action, cause a notice of foreclosure to be published in a newspaper for three successive weeks, and mail notice to any other recorded lien claimants. *Id.* §§ 108.239(2), (4). Thereafter, others who hold or claim

---

[2] *See also Minn., Dep't of Revenue v. United States*, 184 F.3d 725, 728-29 (8th Cir. 1999); *Monica Fuel, Inc. v. IRS*, 56 F.3d 508, 512-13 (3d Cir. 1995).

1 a notice of lien may join in the action. *Id.* § 108.239(3). The court then must hear and determine the claims and enter judgment regarding the relative rights of the parties. *Id.* § 108.239(7).

Republic's liens are inchoate under federal law because they are not summarily enforceable. Rather, Republic must institute a judicial proceeding, provide notice, and have its rights adjudicated in relation to any competing claims. These acts are not merely ministerial. *See Minn., Dep't of Revenue v. United States*, 184 F.3d 725, 730 (8th Cir. 1999). Republic does not dispute that its liens are not summarily enforceable.

Instead, Republic relies on Nevada state law to argue its liens are superior. However, a state cannot "impair the standing of the federal liens, without the consent of Congress." *New Britain*, 347 U.S. at 84. Additionally, the property does not remain subject to Republic's liens following foreclosure of a federal tax lien because foreclosure of a senior lien extinguishes all junior liens. *See McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC*, 123 P.3d 748, 752 (Nev. 2005); Restatement (Third) of Property (Mortgages) § 7.1 ("A valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law.").

Republic contends that application of federal law is "confusing and unworkable" because Republic's lien is superior to Ditech's, Ditech's is superior to the United States', so the United States cannot be superior to Republic. ECF No. 41 at 3. Because the competing priority of Ditech versus the IRS, and Ditech versus Republic are not before me in this motion, I express no opinion on the relative priority of those claims. However, *New Britain* "established a rule for resolving circular priorities." *McKee-Berger-Mansueto, Inc. v. Bd. of Educ. of City of Chicago*, 691 F.2d 828, 834 (7th Cir. 1982). "First, the portion of the fund for which federal law creates a lien superior to that of the government's tax lien is set aside." *Id.* Thus, to the extent Ditech's lien is superior to the federal tax lien, the amount necessary to satisfy that lien would be set aside. Next, the United States' lien would be paid out of the remainder (if any). *Id.* Finally, the portion reserved at the first step plus any amount remaining after the IRS lien is satisfied would be distributed according to the state law rules of priority as between Ditech and Republic. *Id.*

This resolution to the circular priority problem also addresses Republic's policy argument that it should not be forced to provide service even when bills go unpaid yet have its lien subordinated to a federal tax lien. To the extent Republic is superior to Ditech, it may yet get paid on its liens. Additionally, Republic could have foreclosed on at least some of its liens before the federal tax was assessed, but it chose not to do so. Finally, Republic concedes that under § 444.250, its lien would be subordinate to Nevada state taxes and special assessments. Republic offers no explanation why it is able to operate with the prospect of its liens being subordinated to Nevada state taxes but not to federal taxes.

In sum, I grant the United States' motion for partial summary judgment. Republic's liens are inchoate and thus subordinate to the United States' tax liens, and the property will not be subject to Republic's liens after the United States forecloses on its liens.

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff United States of America's motion for partial summary judgment **(ECF No. 39) is GRANTED**. Defendant Republic Services, Inc.'s liens are subordinate to the United States' tax liens and the property will not be subject to Republic's liens following the United States' foreclosure on its liens.

DATED this 24th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE