# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONSTANTIN OCHESCU, et al.,<br><br>Defendants. | Case No. 2:15-cv-02424-APG-GWF<br><br>**ORDER FOR SALE**<br><br>(ECF No. 46) |

I entered judgment in favor of the United States and ordered foreclosure of the United States' federal tax lien against certain real property. This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001, 2002, and 3201 and 26 U.S.C. §§ 7402 and 7403. I hereby order as follows:

1. On April 27, 2018, I entered Judgment in favor of the United States and against defendants Constantin Ochescu and Liliana Cosma. ECF No. 47.

2. The real property at issue (the "Property"), upon which the United States is entitled to foreclose its tax liens is a single family home located at 8064 Cetus Circle, Las Vegas, NV 89128, and is more particularly described as follows:

> LOT ELEVEN (11) IN BLOCK ONE (1) OF CIMARRON RIDGE UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 57 OF PLATS, PAGE 65 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA

3. The United States has a valid and subsisting federal tax lien based on Mr. Ochescu's unpaid federal income tax liabilities for the 2002-1009 and 2011 tax years against all

property and rights to property belonging to Mr. Ochescu, including but not limited to the Property.

4. Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its lien against the Property in order to apply the proceeds towards Mr. Ochescu's liabilities.

5. The United States' federal tax lien against the Property is hereby foreclosed. The United States Marshal for the District of Nevada, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties.

6. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Sale and shall make the arrangements for the sale as set forth in this Order. This Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

7. The United States Marshal for the District of Nevada, his/her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

8. The terms and conditions of the sale are as follows:

   a. Except as otherwise stated herein, the sale shall be by public auction to the highest bidder(s), free and clear of all liens and interests.

b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c. The sale shall be held at the Clark County Courthouse, on the Property premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

d. Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Clark County, Nevada, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to this sale under federal law and state or local law regarding redemption rights do not apply to this sale. The notice of sale shall describe the Property and shall contain the material terms and conditions of sale in this Order for Sale.

e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order, hold new public sales, if necessary, and reduce the minimum bid, or sell to the highest bidder(s);

f. Bidders shall be required to deposit at the time of sale with the Marshal, his/her representative, or a PALS representative, ten percent of the

minimum bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Nevada. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the District of Nevada. If the successful bidder(s) fail(s) to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to Mr. Ochescu's federal tax liabilities described in Paragraph 3. The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder or bidders. The United States may bid as a credit against its judgment without tender of cash.

h. The sale of the Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Property to the purchaser(s).

j. Upon confirmation of the sale, the interests of, liens against, or claims to the Property held or asserted by the United States and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state or local law shall not apply to this sale or sales under federal law.

k. Upon confirmation of the sale, the purchaser shall have the Clark County Recorder to cause transfer of the Property to be reflected upon Clark County's register of title.

9. Until the Property is sold, defendants Mr. Ochescu and Ms. Cosma shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances thereon, if any) including, without limitation, maintaining any current fire and casualty insurance on the Property. They shall not commit waste against the Property, nor shall they cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the Property, nor shall they cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.** Should Mr. Ochescu and/or Ms. Cosma fail to comply with this paragraph, the United States may take steps to protect the Property by seeking further court order.

10. All persons occupying the Property shall leave and permanently vacate the Property no later than 30 days after the entry of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and

vacating. If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining at the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities described in Paragraph 3.

11. Notwithstanding the terms of the immediately preceding paragraph, if the Property remains occupied after the sale of the Property is confirmed by this Court, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchaser(s) thereof.

12. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser(s) into the registry of the court. Upon appropriate motion by the United States, or upon stipulation of the parties, the Clerk will disburse the funds as follows:

    i. First to the IRS, for allowed costs and expenses of the sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Property pending sale and confirmation by the Court;

    ii. Defendants Ditech Financial LLC ("Ditech") and Republic Services, Inc. ("Republic") will then have 30 days to move for a share of the remaining funds. The United States will have 30 days from the filing of a motion to file any objection or response. If the Court approves claims by Ditech

and/or Republic, funds for those claims will be disbursed second, in the order the Court establishes;

iii. Third, any remaining funds will be disbursed to the United States to satisfy the federal tax liabilities described in paragraph 3, including any accrued penalties and interest; and

iv. Fourth, any remaining funds after the tax liens are satisfied may be disbursed to Mr. Ochescu.

DATED this 27th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE